UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
Civil Action No
Friedrich Lu, Plaintiff
v
Joseph Stanton, Lena Wong, Julie Goldman, Paul Tuttle, Ann Thomas, Patricia Ryle, Nancy Martins, Walter F Timilty, Mark V Green, C Jeffrey Kinder, For The Record, Inc, and Massachusetts Court System, defendants

## COMPLAINT

(1) The court has subject matter jurisdiction over this matter under 28 USC § 1331.

(2) This is an indictment against Massachusetts court system, which falls short of those in banana republics.

(3)
(a) Clerk Joseph Stanton of Massachusetts Appeals Court is sued in both official and personal capacities. First Assistant Clerk Lena Wong, Assistant Clerks Patricia Malone, Julie Goldman, Paul Tuttle and Ann Thomas are sued in their personal capacity, so are Deputy Clerk for Case Processing and Scheduling Patricia Ryle, and Office Manager Nancy Martins.

(b) Clerk Walter F Timilty of Norfolk Superior Court (located at Dedham, Mass) as well as Chief Justice Mark V Green and Associate Justice C Jeffrey Kinder of Massachusetts Appeals Court are sued in their official capacity.

(c) For The Record, Inc (basically a software firm to manage court hearings in pockets of a handful of states, with Massachusetts as the largest client), headquartered in White Plains, MD, does direct business (online) with Massachusetts consumers/ litigants without a local agent, in violation of Mass Gen Laws chap 156D, §§ 15.03 and 15.10 (for which Lu reported to state attorney general on Feb 3 -- all dates are of 2020).

(4)

(a) In *Lu* v *Town of Brookline*, Norfolk Superior Court No 2082-cv-91, Maynard Kirpalani J on Jan 27, 2020 hears Lu's motion for injunctive relief and denies it, from which Lu immediately files a notice of appeal -- as of right, under Mass Gen Laws chap 231, § 118, ¶ 2 (in contrast to ¶ 1 of the same: petition, discretion). Clerk's office on Jan 31 says that without transcript it will not transmit the record to Appeals Court.

(b) Lu's agent, court reporter Tracy Bisaillon, on Jan 30 following orders with For The Record Inc (FTR) access to the recording of the Jan 27 hearing. Right away she received from the firm an automatic confirmation -- subject to court's approval.

(c) Massachusetts court system maintains a web page titled "Order the Audio of a Court Proceeding," which directs

• that "newer cases" (presumably after FTC obtained a contract) be "available online ['streaming' also used in the same page] for $10 or you can request a duplicate CD for $50.50;"

• and that "older cases" require a motion to be approved by court "for a duplicate audio recording" -- but no streaming.

https://www.mass.gov/order-the-audio-of-a-court-proceeding

In effect, however, Massachusetts court system's contract with FTC presently commands prior court approval (even in newer cases) to access recording of all public proceedings of state court cases. But prior to the FTC contract, access to the same entails no prior court approval.

(d) On Feb 4, Lu goes before Supreme Judicial Court (SJC) of Massachusetts to petition for mandamus against unconstitutional restrictions placed by court system and FTR, on access to recordings of public proceedings -- No SJ-2020-51, which is pending.

(e) FTR notifies court reporter of court's approval of access on Feb 5, who does not produce a transcript of 17 pages until eight days later, despite repeated promises that she is working on it.

(f)     On Feb 4 Lu files a notice of ordering transcript under Mass Rule App Proc (Rule") 9(d)(2). Still clerk's office of Norfolk Superior Court was unmoved. On Feb 10, Lu's *ex-parte* motion to order clerk's office to transmit record was allowed, and the record was transmitted online to Appeals Court same day. (That same day, the Norfolk court also denies Lu's emergency, *ex parte* motion for preliminary injunction pending appeal. Lu does not ask for a hearing for motions filed that day and the court accords none.)

(5)
(a)     Feb 13. First thing in the morning Lu shows up at the clerk's office of Massachusetts Appeals Court to inquire how come the Rules does not specify font size for brief. Late afternoon Lu serves on defendant Town of Brookline all papers in the appeal (brief, appendix, transcript, and a motion for preliminary injunction pending appeal -- Lu's only prayer in the last section, Relief Sought, of the brief).

(b)     The next morning (Feb 14), Lu pays, files the same papers, signed a 1-page form to receive electronic notification of court decision, and asks whether clerk's office can take a look at his papers and tell him if the papers are acceptable, having observed there that a pro se appellant was having a hard time about his non-comforming filings. (Lawyers must file online.) The man was noncommittal; Lu was unaware the man was not a decision-maker. Aside, Lu pointedly asks Appeals Court clerk's office to alert the three-judge panel that "the appeal will be moot in a week" (effectively Friday afternoon, Feb 21) directing its attention to the last paragraph of Lu's 2-page motion for preliminary injunction pending appeal.

Fast forward: before the appeal becomes moot, there will be no panel; no judge of that court ever reads brief, appendix or transcript -- all because Appeals Court clerk's office on purpose

sits on Lu's those three papers, which are not even docketed until clerk's office, after Lu's Feb 20 protest, by arbitrarily, later that day, labeling them "non-conforming" without telling Lu why.

(c) On Feb 19 (shortly after 9 am) again in person at Appeals Court clerk's office Lu files two papers: notice that Town of Brookline is unlikely to oppose Lu's motion for preliminary injunction, as well as errata to the brief. Lu quizzes why the docket only shows that motion (and nothing else). "What happens to the other papers?" "Brief, appendix and transcript?" There was a hubbub in that office, and Lu counts on that office to resolve the issue.

(d) On Feb 20 (again shortly after 9 am), Lu appears in that office, checks the public terminal for his docket (same: only Lu's motion turns up; not even the two papers he files the day before). After mentioning the pending mootness the next afternoon, Lu requests a talk with Stanton, and Assistant Clerk Ann Thomas speaks.

Lu: "There is something wrong with my case!" Thomas: "Because the judge denies your motion for preliminary injunction?" In the belief that Thomas was mistaken (after all docket did not show that) and that a denial is better than a motion not even read by the panel, Lu stated all of hispapers are missing except the motion. Thomas explains: "Your brief, appendix and transcript will be reviewed for conformity. Other papers of yours are not docketed." Lu: "The appeal will be mooted tomorrow. And your office is still reviewing the papers, without distributing them to the panel?" At that point, Thomas presses a panic button to summon security to suppress Lu's statement, rather than deals with problems of its (clerk's office's) own making.

(e) On the day the appeal becomes moot, Feb 21, Lu receives three emails from Appeals Court clerk's office (all after 4 pm; that office closes at 4:30 pm weekdays). Identical to respective docket entries, the trio are attached as Exhibit A. Notwithstanding the styling of the "order" in the subject

line, the decisions labeling Lu's brief and appendix "non-conforming" are those of clerk's office, not a judge. Moreover, the "order" does not say what is wrong with either. Parenthetically, it is unfathomable that Lu's appendix can run foul of Stanton's censors: there are merely seven pages, composed exactly the same (three) papers trial court relies on -- in denying the motion for preliminary injunction and another motion for the same pending appeal.

(f) Looking back, on Feb 19 (sometime after Lu's filing of two papers -- one says Brookline's opposition is unlikely -- shortly after 9 am that day) Judge Kinder -- alone, not a panel -- of Appeals Court does rule on Lu's (skeletal: absent any argument) motion for preliminary injunction, without the benefit of any other paper from Lu. Under this circumstance, Lu's bare motion is worse off than a petition under chap 231, § 118, ¶ 1, where a petition will be fuller in content. Nonetheless Lu's reliance on his other papers to support the motion is justifiable; it is Stanton's purposeful inaction that fails Lu.

Furthermore Kinder's 1-word denial, unadorned with findings of fact or conclusions of law, renders impossible Lu's petition to SJC for further review under chap 211A, § 11, assuming the issue is not moot.

BUT the Feb 19 order is not notified at all. In total, clerk's office has not notified Lu of the following three docket entries. (Indeed, these entries are not marked with "*Notice.")

"02/19/2020           RE#2: After review, the motion is denied. (Kinder, J.). *Notice.
02/20/2020    #3     Notice to Friedrich Lu that brief is non-conforming for the reasons indicated on the checklist: 2 (Appendix),4 (Appendix),18,19 (imcomplete per 16(a)(9)(b),27 (Appendix). The party has until 03/25/2020 to file, and re-serve upon all parties, a conforming brief and appendix or a motion to accept nonconforming brief and appendix.
02/20/2020    #4     [Entry Vacated as having entered in error (by the court 2/20/20)] Notice from the Appeals Court to Friedrich Lu re: This notice is to inform you that your nonconforming brief and/or appendix received by this Court on 02/20/2020, but which was not

accepted for filing, will be discarded within 10 days from today unless you retrieve it prior to that date."

Appeals Court docket of this appeal is Exhibit B.

(g)     On information and belief, Stanton gives preferential treatment of a speedy review of format to online filing, and no screening to handwritten filings. The irony is that the first two of three papers (verified complaint and motion for injunctive relief) in Lu's appendix are originally handwritten, which are retyped for the benefit of Appeals Court, with which somehow Stanton is not pleased.

(h)     What Stanton practices is *pro forma,* form over substance to the extreme. All on a whim, without published rules or regulations in advance.

(i)     Lu has practiced law for 27 years. He has not been to state Appeals Court since the turn of the century. There was no such censorship back then in that court. In fact, there has been no such censorship in any other state court that Lu knows of, including SJC. See ¶ (4)(d) *supra.*

(6)
(a)     Count One: 42 USC § 1983. Stanton, Wong, Goldman, Tuttle, Thomas, Ryle, Martins, under color of state law, custom or usage, violates Lu's rights secured by First (right to know, access to court; freedom of speech by Thomas in addition) and Fourteenth (procedural due process and equal protection clauses) Amendments to federal constitution.

(b)     Count two: 42 USC § 1983. Timilty violates Lu's rights secured by First (access to appellate court) and Fourteenth (procedural due process and equal protection clauses) Amendments to federal constitution.

(c)     Count One: 42 USC § 1983. Green and Kinder violates Lu's rights secured by First (access to court) and Fourteenth (procedural due process and equal protection clauses) Amendments to federal constitution.

(d)     Count One: 42 USC § 1983. Massachusetts court system and FTR, under color of state law, custom or usage violates Lu's rights secured by First Amendment to federal constitution (right to know, access to court).

(7)     Relief Sought:

(a)     Lu seeks injunctive relief forbidding Stanton (in his official capacity)

- from -- under the pretext of reviewing papers for conformity, using his arbitrary or capricious, amorphous, inscrutable standard outside the purview of Massachusetts Rules of Appellate Procedure -- sitting on litigant's papers (in the literal sense) for days;

- from styling his decision on paper format as "order" and omitting the mention of the decision as his, not the court's (namely, not judge's).

- from employing one-word "non-conforming" in notification of his decisions on format.

Further Lu seeks injunctive relief that compel Stanton (in his official capacity) to docket litigant's filings and judge's ruling on the same day, and to notify parties same day.

(b)     Lu requests certification of question to SJC whether Lu's Rule 9(d)(2) certification obligates clerk's office of Norfolk Superior Court to transmit record. After all, a transcript is not often needed for an appellate decision. See *Town of Brookline v Goldstein* (1983) 388 Mass 443, 447 (injunction case: "We have no transcript of what transpired at the hearing below"). If SJC's answer is in Lu's favor, enter an injunctive relief against Timilty.

(c)     Lu pleads for declaratory judgment that Massachusetts Appeals Court determine an appeal before a three-judge panel, by a panel rather than a single judge -- as commanded by state law. In the latter (as befalling on Lu), no difference exists between the two paragraphs of chap 231, § 118.

(d)     Lu demands jury trial on damage (punitive damage to boot for Appeals Court personnel who are sued in personal capacity), and court cost, plus injunctive relief against FTR and Massachusetts Court system.

Plaintiff:      Friedrich Lu, pro se
Date:           February 24, 2020
Email address: chi2flu@gmail.com
Address:        ℅ St Francis House, PO Box 499, Lafayette Station, Boston, MA 02112