UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| FRIEDRICH LU, )<br>)<br>    Plaintiff, )<br>)<br>    v. )<br>)<br>JOSEPH STANTON, LENA WONG, JULIE )<br>GOLDMAN, PAUL TUTTLE, ANN THOMAS, )<br>PATRICIA RYLE, NANCY MARTINS, WALTER )<br>F. TIMILITY, MARK V. GREEN, C. JEFFERY )<br>KINDER, FOR THE RECORD, INC., and )<br>MASSACHUSETTS COURT SYSTEM, )<br>)<br>    Defendants. ) | CIVIL ACTION<br>NO. 20-10366-JGD |

**MEMORANDUM OF DECISION AND ORDER ON
JUDICIAL DEFENDANTS' MOTION TO DISMISS AND
PLAINTIFF'S CROSS MOTION FOR SANCTIONS**

July 30, 2020

DEIN, U.S.M.J.

### I. INTRODUCTION

The *pro se* plaintiff Friedrich Lu ("Lu") brought suit alleging that his First and Fourteenth Amendment rights were violated by the Massachusetts Appeals Court, various Clerk's Office employees, and the private company For the Record, Inc. ("FTR"). Lu has alleged that he had sought a preliminary injunction in the Massachusetts Appeals Court following a Superior Court hearing at which the Judge ruled against Lu. The process was delayed when FTR, the company contracted to record court hearings, would not release the transcript from the Superior Court hearing without first receiving Court approval. After the transcript was released and the record was sent to the Appeals Court, Lu's motion for a preliminary injunction was denied by an

Appeals Court Judge. A few days later, the Clerk's Office notified Lu that some of his appellate filings were non-conforming. Nonetheless, an Appeals Court Judge reviewed the motion for a second time with the non-conforming filings and affirmed the denial. Lu alleges the procedure violated his constitutional rights.

The Judicial Defendants[1] argue that Lu's complaint must be dismissed under Fed. R. Civ. P. 41 because Lu, a frequent litigant, did not comply with an Order issued in 2002 by Judge Wolf ("2002 Order"). The 2002 Order requires Lu to attach to any complaint a copy of the 2002 Order and certification that he has complied in good faith. The Judicial Defendants contend that Lu's failure to attach the 2002 Order to his complaint in this case, and his repeated failure in several other cases, warrants the dismissal of this case with prejudice. The Judicial Defendants also argue that the claims brought against them are barred by judicial immunity and, to the extent the defendants are sued in their individual capacities, qualified immunity.

Lu argues that the complaint should not be dismissed because the 2002 Order is unenforceable. Further, judicial immunity does not apply to the Clerk's Office staff and Judges have no immunity in their judicial acts. Finally, qualified immunity does not apply to Clerk's Office employees. In his response, Lu cross moves for sanctions under Fed. R. Civ. P. 11 and argues that government lawyers are not beyond the reach of such sanctions.

For the reasons detailed below, the Defendants Motion to Dismiss (Docket No. 5) is **ALLOWED**. Lu's Cross Motion for Sanctions (Docket No. 15) is **DENIED**.

---

[1] The "Judicial Defendants" include two Massachusetts Appeals Court judges, seven Appeals Court Clerks and employees, the Clerk of the Norfolk County Superior Court, and the Massachusetts Court System. (Mot. to. Dismiss Memo (Docket No. 6) at 1). The parties names are Julie Goldman, Chief Justice Mark V. Green, Justice C. Jeffrey Kinder, Nancy Martins, Patricia Ryle, Joseph Stanton, Ann Thomas, Walter F. Timility, Paul Tuttle, and Lena Wong, as well as the Massachusetts Court System.

## II. **FACTS AND PROCEDURE**

Since 1995, Lu has filed at least twenty cases in the United States District Court for the District of Massachusetts. See Lu v. Capitol Waste Servs., Inc., Civil No. 19-11458, 2019 WL 8756875, at *1 n.1 (D. Mass. Sept. 19, 2019). Relevant to this case, in 2002 Judge Wolf issued an Order (the "2002 Order"), dismissing a case brought by Lu, issuing an injunction against filing claims that relate to the claims in the case, and requiring him to, "attach to any pleading, motion, complaint, or other document that he files in the United States District Court for the District of Massachusetts: (1) a copy of this Order, and (2) a certification, signed under the pains and penalties of perjury, that he has complied in good faith with this Order." Lu v. Harvard Univ. et al., Memorandum and Order, 00-cv-11492-MLW, at *17 (D. Mass. Mar. 29, 2002) (Wolf, J.). In support of his 2002 Order, Judge Wolf noted that, as a *pro se* litigant, Lu "incur[s] little or no cost in conjunction with [his] suits. However, the individuals Lu sues must incur the costs associated with responding to Lu's allegations each time he files a new case," and that "Lu's complaints have also significantly burdened the state and federal court systems and their limited resources." Id., at *15.

Accepting the allegations of the complaint as true, this case arises out of a Motion for a Preliminary Injunction before the Massachusetts Appeals Court. Specifically, Lu contests the procedure employed by the Court and Clerk's Office in denying the Motion. On January 27, 2020, Lu's motion for a preliminary injunction in Lu v. Town of Brookline, Norfolk Civil. No. 2082-cv-91, was denied. (Compl. (Docket No. 1) at ¶ 4(a)). Lu immediately filed a Notice of Appeal but was told by the Norfolk Clerk's Office that they would not submit the record to the Appeals Court without a transcript. (Id.). In seeking that transcript, Lu learned that the

contract between Massachusetts and FTR requires Court approval prior to FTR releasing a transcript. (Id. at ¶ 4(c)). Lu alleges this is an "unconstitutional restriction placed on the court system and FTR," an issue he is now arguing before the Supreme Judicial Court after petitioning for a writ of mandamus. (Id. at ¶ 4(d)).

Lu continued to push the Norfolk Superior Court to transmit the record to the Appeals Court. On February 4, 2020, Lu filed a notice ordering the transcript and the following day the Court approved access to the transcript. (Id. at ¶¶ 4(e)-(f)). On February 10, 2020, the Superior Court submitted the record to the Appeals Court and denied Lu's emergency ex-parte Motion for a Preliminary Injunction without oral argument. (Id. at ¶ 4(f)).

The Appeals Court docket shows that the record and Lu's Motion for a Preliminary Injunction Pending Appeal was filed on February 14, 2020. (Appeals Ct. Case Docket (Docket No. 1-2) at 1). While at the Appeals Court Clerk's Office on both February 13 and 14, Lu registered to receive electronic notification of the Court's decision and to inquire whether his brief and appendix were acceptable because he was concerned his filings were non-conforming. (See Compl. at ¶¶ 5(a)-(b)). The response Lu got from an unidentified, non-decision maker was noncommittal. (Id. at ¶ 5(b)). Lu also asked the Clerk's Office to alert the three-judge panel that the appeal would be moot in a week. (Id.).

On February 19, 2020, Appeals Court Judge Kinder denied Lu's Motion for a Preliminary Injunction Pending Appeal by stating, that "[a]fter review, the motion is denied." (Appeals Ct. Case Docket at 1). Lu alleges he was never notified of this. (Compl. at ¶ 5(f)). Instead, on the same day, Lu arrived at the Clerk's Office and saw that only his motion was docketed, and not the brief, appendix, or transcript. (Id. at ¶ 5(c)). The next day, on February 20, 2020, Lu again

[4]

went to the Clerk's Office and was told that the Motion was denied and that his papers were being checked for conformity. (Id. at ¶ 5(d)). The docket shows that the Clerk's Office determined, sometime that day, that the briefs were non-conforming. (Appeals Court Case Docket at 1). Nonetheless, on February 21, 2020, the Court docketed Lu's brief and appendix and noted that they had been filed on February, 14, 2020. (Id.). Judge Kinder, treating the filings as a Motion for Reconsideration of his previous ruling, reviewed the appendix and brief, and affirmed the denial. (Id.).

Lu alleges this process is equivalent of "censorship" and that his briefs being found non-conforming was "form over substance to the extreme" without any basis in published rules or regulations. (Id. at ¶¶ 5(h)-(i)). In fact, the briefs were conforming and composed in exactly the same manner as papers he had previously filed with the Court. (Id. at ¶ 5(e)). Lu alleges that Appeals Court Clerk Stanton was not pleased Lu had typed his filings and that he gives "preferential treatment of a speedy review of format to online filing, and no screening to handwritten filings." (Id. at ¶ 5(g)). Finally, the "order" determining that the filings were non-conforming was given by the Clerk's Office and not a Judge. (See id. at ¶ 5(e)). Although it is not entirely clear, Lu also appears to allege that the ruling is in error because it was ruled on by a single Judge, not a panel, and Judge Kinder's one-word denial renders it impossible for Lu to seek further review by the SJC. (See id. at ¶ 5(f)).

Lu alleges four counts against the defendants. (See id. at ¶ 6). First, Lu alleges that the Defendants Stanton, Wong, Goldman, Tuttle, Thomas, Ryle, and Martins violated his First Amendment right to know, access the Court, and freedom of speech and his Fourteenth

[5]

Amendment right to procedural due process and the equal protection clause.[2] (Id. at ¶ 6(a)). Second, Lu alleges that Timilty violated Lu's First Amendment right to have access to the Appellate Court and his Fourteenth Amendment rights to procedural due process and the equal amendment clause. (Id. at ¶ 6(b)). Third, Lu alleges that Green and Judge Kinder violated Lu's First Amendment right to have access to the Court and his Fourteenth Amendment rights to procedural due process and the equal protection clause. (Id. at ¶ 6(c)). Fourth, Lu alleges that the Massachusetts Court System and FTR violated Lu's First Amendment rights to know and have access to the Courts. (Id. at ¶ 6(d)).

Lu is seeking a preliminary injunction barring Stanton from delaying filing papers under the pretext of conformity, requiring Stanton notify the parties of filings on the day they are filed, and banning Stanton from styling a decision as an Order and from using "non-conforming" as the only description when noticing his decision on the format. (Id. at ¶ 7(a)). Lu requests this Court certify to the SJC the question of whether a Rule 9(d)(2) certification requires the Norfolk Superior Court to transmit the record without the transcript. (Id. at ¶ 7(b)). Lu also requests that the Court require a three-judge panel hear any appeal, as opposed to a single Judge. (Id. at ¶ 7(c)). Finally, Lu requests damages, Court costs, and a just trial. (Id. at ¶ 7(d)).

### III. ANALYSIS

#### Motion to Dismiss

Under Rule 41, a Court may involuntarily dismiss an action "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order[.]" Fed. R. Civ. P. 41(b). The Judicial

---

[2] In his Complaint, Lu only alleges specific actions taken by Defendant Stanton. It is unclear what the remaining Clerk's Office employees' involvement is with Lu's case.

Defendants argue that "[b]ecause [Lu] failed to attach the Court's 2002 order or a certification of compliance with his complaint, he failed to comply with a court order, and therefore his complaint should be dismissed with prejudice." (Mot. to Dismiss (Docket No. 6) at 3). Alternately, the Judicial Defendants argue any liability is barred by both judicial and qualified immunity. (Id. at 4-8). Lu opposes the motion and argues that the 2002 order is not enforceable. (Pl.'s Opp'n (Docket No. 15) at 1).

Under Fed. R. Civ. P. 41, "[a] district court, as part of its inherent power to manage its own docket, may dismiss a case for . . . failure of the plaintiff to comply with any order of the court." Torres-Álamo v. Puerto Rico, 502 F.3d 20, 25 (1st Cir. 2007) (citing Cintrón–Lorenzo v. Departamento de Asuntos del Consumidor, 312 F.3d 522, 526 (1st Cir. 2002)). Dismissal is appropriate "'only when a plaintiff's misconduct is extreme.'" Vázquez-Rijos v. Anhang, 654 F.3d 122, 127 (1st Cir. 2011) (quoting Young v. Gordon, 330 F.3d 76, 81 (1st Cir. 2003)). The severity of the plaintiff's misconduct is

> measured by considering all aspects of the case, including the severity of the violation, the legitimacy of the party's excuse, repetition of violations, the deliberateness vel non of the misconduct, mitigating excuses, prejudice to the other side and to the operations of the court, and the adequacy of lesser sanctions.

Ruiz-Rosa v. Rullan, 485 F.3d 150, 154 (1st Cir. 2007) (internal punctuation and citation omitted). "In addition, procedural fairness mandates that the plaintiff be afforded an opportunity to explain her noncompliance or to advocate for a lesser sanction." Id.

Lu has not complied with the 2002 Order in this case nor has he offered any justification for his failure to comply. Further, Lu has repeatedly failed to comply with the 2002 Order despite warnings from the Court that dismissal of his case could be an appropriate sanction

[7]

should he fail to comply. Lu v. Menino, 98 F. Supp. 3d 85, 107, 109 (D. Mass. 2015) (finding Lu has repeatedly failed to comply with the 2002 Order and advising "that such conduct may result in a sanction, including monetary sanction or a stricter bar to filing cases in the district court."); see also Lu v. Niles, Civil Action No. 16-12220-FDS, 2017 WL 3027251, at *2 (D. Mass. July 17, 2017) (noting failure to comply with the March 2002 Order could lead to the harsh sanction of dismissal). Even the actual imposition of the sanction of dismissal has not convinced the plaintiff to follow the 2002 Order. Lu v. Capital Waste Servs., Inc., Civil Action No. 19-11458-FDS, 2019 WL 8756875, at *2 (D. Mass. Sept. 19, 2019) (dismissing claim for failure to comply with the March 2002 Order).

In this case, dismissal is the appropriate sanction. Despite warnings from the Court, Lu does not believe he needs to follow the 2002 Order. However, the First Circuit has upheld Court Orders instructing a *pro se* frequent litigant to follow specific procedures when filing future litigation. See Hualde-Redin v. Royal Bank of P.R., No. 96-1264, 1997 WL 157756, at *1 (1st Cir. Mar. 19, 1997) (per curium) (unpublished) (upholding Court Order requiring a *pro se* plaintiff to take various procedural steps when filing a new complaint including attaching a copy of the order). Unless and until the First Circuit determines otherwise, Lu is bound by the 2002 Order, and his repeated failure to follow its directives warrants dismissal of this action.

Because the Court finds the Complaint should be dismissed due to Lu's failure to comply with a Court Order, the Court does not reach the Judicial Defendants argument that liability against them is barred by both judicial and qualified immunity.

**Motion for Sanctions**

In his opposition, Lu filed a cross motion for sanctions under Fed. R. Civ. P. 11 because the Motion to Dismiss "flouts established principals." (Pl.'s Opp'n at 1). Lu argues that Assistant Attorney Haile is not above sanctions as Congress "waived sovereign immunity over Rule 11 sanction[s] by enacting the Equal Access to Justice Act." (Id. at 3).

Rule 11 requires that any motion filed not be "presented for improper purpose" and that any defenses "are warranted by existing law." Fed. R. Civ. P. 11. Lu has offered no reason why a properly filed motion that is supported by law "flouts established principals." Because Lu has not provided any specific allegation of misconduct and the Court does not detect any, Lu's Cross Motion for Sanctions is denied.

**IV. CONCLUSION**

For the reasons detailed above, the Defendants' Motion to Dismiss (Docket No. 5) is **ALLOWED**. Lu's cross motion for sanctions (Docket No. 15) is **DENIED**.

/ s / Judith Gail Dein
Judith Gail Dein
United States Magistrate Judge